IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 00-761 T
(Judge Allegra)

MINGO LOGAN COAL CO.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

JOINT STATUS REPORT

The parties hereby file a joint status report indicating the status of *Hobet Mining, Inc. v. United States*, Fed. Cl. No. 00-218 T, and *Consolidation Coal Co. v. United States*, Fed. Cl. No. 01-254 C. This document will be filed electronically.

This case involves the plaintiff's claims for refunds of (1) Black Lung Excise Taxes ("BLET") imposed on the plaintiff's export sales of coal pursuant to 26 U.S.C. § 4121 and (2) Reclamation Fees imposed on the plaintiff's export sales of coal pursuant to 30 U.S.C. § 1232. Both the BLET and the Reclamation Fees were held to be unconstitutional as applied to export sales of coal. *See Ranger Fuel Corp. v. United States*, 33 F. Supp. 2d 466 (E.D. Va. 1998) (holding that the BLET violated the Export Clause); IRS Notice 2000-28, 2000-1 C.B. 1116 (acquiescing in *Ranger Fuel*); *Consolidation Coal Co. v. United States*, 64 Fed. Cl. 718 (2005) (holding that the Reclamation Fees violated the Export Clause). The plaintiff sought refunds of the BLET it paid in certain quarters in *Hobet Mining* and sought refunds of the Reclamation Fees it paid in certain quarters in *Consolidation Coal*.

In the *Hobet Mining* case, the IRS has completed its audit for those claims which fall outside the three-year administrative statute of limitations, but are within the six-year statute of limitations applicable to the plaintiff's claims under the Export Clause of the Constitution, brought pursuant to the Tucker Act. The attorneys representing the plaintiff in *Hobet Mining* submitted a settlement offer concerning those quarters, which the Office of Review is now considering. In connection with that offer, the Office of Review has requested copies of certain contracts, which the plaintiff will submit once they are located.

Once this offer has been fully processed and accepted by the defendant, the parties in *Hobet Mining* anticipate entering into a stipulation for entry of judgment for the Tucker Act quarters.

In *Consolidation Coal*, given the large number of plaintiffs, five companies were chosen as test plaintiffs for purposes of discovery regarding quantification of damages, in order to determine factual issues that may arise during the damages phase. Mingo Logan is not one of the test plaintiffs. The Judge assigned to the case held a status conference on September 13, 2006. The parties anticipate that he will ask them to continue their attempt to quantify damages for these five test plaintiffs and to file a status report in 90 days. Quantification of Mingo Logan's damages will await completion of discovery for those five test plaintiffs and resolution by the Court of any issues that may arise from those discovery proceedings.

Counsel for the plaintiff has reviewed this report and has authorized the defendant's counsel to file it on behalf of both parties.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

September 15, 2006