IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 00-761 T
(Judge Allegra)

MINGO LOGAN COAL CO.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT STATUS REPORT

The parties hereby file a joint status report indicating the status of *Hobet Mining, Inc. v. United States*, Fed. Cl. No. 00-218 T, and *Consolidation Coal Co. v. United States*, Fed. Cl. No. 01-254 C. This document will be filed electronically.

This case involves the plaintiff's claims for refunds of (1) Black Lung Excise Taxes ("BLET") imposed on the plaintiff's export sales of coal pursuant to 26 U.S.C. § 4121 and (2) Reclamation Fees imposed on the plaintiff's export sales of coal pursuant to 30 U.S.C. § 1232. Both the BLET and the Reclamation Fees were held to be unconstitutional as applied to export sales of coal. *See Ranger Fuel Corp. v. United States*, 33 F. Supp. 2d 466 (E.D. Va. 1998) (holding that the BLET violated the Export Clause); IRS Notice 2000-28, 2000-1 C.B. 1116 (acquiescing in *Ranger Fuel*); *Consolidation Coal Co. v. United States*, 64 Fed. Cl. 718 (2005) (holding that the Reclamation Fees violated the Export Clause). The plaintiff sought refunds of the BLET it paid in certain quarters in *Hobet Mining* and sought refunds of the Reclamation Fees it paid in certain quarters in *Consolidation Coal*.

In the *Hobet Mining* case, the IRS has completed its audit for those claims which fall outside the three-year administrative statute of limitations, but are within the six-year statute of limitations applicable to the plaintiffs' claims under the Export Clause of the Constitution, brought pursuant to the Tucker Act. The attorneys representing the plaintiffs in *Hobet Mining* submitted a settlement offer concerning those quarters, which the Office of Review is now considering. In connection with that offer, the Office of Review has asked the plaintiffs to reduce their claim by the amount of tax on exported coal sold to a particular customer because of certain language in the sales contract. The plaintiffs are considering their response. Once that issue has been resolved and the offer has been fully processed and accepted by the defendant, the parties in *Hobet Mining* anticipate entering into a stipulation for entry of judgment for the Tucker Act quarters.

In *Consolidation Coal*, given the large number of plaintiffs, five companies were chosen as test plaintiffs for purposes of discovery regarding quantification of damages, in order to determine factual issues that may arise during the damages phase. Mingo Logan is not one of the test plaintiffs. The Judge assigned to the case held a status conference on September 13, 2006. After the conference the Judge asked the parties to resolve their discovery disputes informally, according to past practices. He also asked the Government to resolve any remaining factual issues concerning one test plaintiff, so that an appealable judgment can be entered in that plaintiff's favor. The Government could then appeal the Court's decision of April 4, 2005, which held that the Reclamation Fee violates the Export Clause. The Judge ordered the parties to file a joint status report no later than December 13, 2006.

Counsel for the plaintiff has reviewed this report and has authorized the defendant's counsel to file it on behalf of both parties.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/ David Gustafson
Of Counsel

November 17, 2006